IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. |
| MELINDA MARIE HALL, WANDA<br>JONES, TEXAS STATE AFFORDABLE<br>HOUSING CORPORATION, AND<br>UNITED STATES OF AMERICA, ON<br>BEHALF OF THE SECRETARY OF<br>HOUSING AND URBAN<br>DEVELOPMENT,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <u>6:25-cv-00310</u> |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Lakeview Loan Servicing, LLC ("Lakeview"), complains of Defendants, Melinda Marie Hall, Wanda Jones, Texas State Affordable Housing Corporation, and United States of America, on behalf of the Secretary of Housing and Urban Development, stating as follows:

### I.    PARTIES & JURISDICTION

1. Lakeview Loan Servicing, LLC ("Lakeview") is a limited liability company, and it may be served in this matter through its attorney of record.

2. Defendant Melinda Marie Hall, on information and belief, is a resident of Gregg County, Texas, residing at 1009 Willow Springs Dr., Longview, TX 75604, and may be served with process at that address.

3. Defendant Wanda Jones, on information and belief, is a resident of Gregg County, Texas, residing at 1009 Willow Springs Dr., Longview, TX 75604, and may be served with process at that address.

4.

5. Defendant Texas State Affordable Housing Corporation ("TSAHC") can be served through its registered agent David Long at 6701 Shirley Ave., Austin, TX 78752.

6. Defendant United States of America, on behalf of the Secretary of Housing and Urban Development ("HUD"), can be served with process to the U.S. Attorney General, 950 Pennsylvania Avenue NW, Washington, DC 20530, with a copy to the U.S. Attorney for the Eastern District of Texas, Attn.: Civil Process Clerk, 550 Fannin Street, Suite 1250, Beaumont, TX 77701.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as Lakeview seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

8. The Court has general and specific jurisdiction over all the Defendants that are domiciliary of Texas or have sufficient contact with the forum state. *Daimler AG v. Bauman,* 571 U.S. 117 (2014). The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of Texas, has purposefully availed itself of the privilege of conducting activities within Texas, thus invoking the benefits and protections of its law. Similarly, the named Defendants, through their respective interests in the real property located within the State of Texas, have purposefully availed

themselves, as well. Therefore, the exercise of personal jurisdiction over the named Defendants, including the Secretary of HUD, is consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in the Eastern District of Texas, Tyler Division, under 28 U.S.C. § 1391(b) and 28 U.S.C. § 124(d)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II. BREACH OF CONTRACT

10. On April 19, 2022, Melinda Marie Hall and Wanda Jones ("Borrowers") made, executed and delivered to Everett Financial, Inc. dba Supreme Lending, a certain Promissory Note ("Note"), in writing, whereby Borrowers promised to pay the amount of $152,192.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 1**.

11. On April 19, 2022, Melinda Marie Hall executed a certain Deed of Trust ("Security Instrument"), to secure the Note with certain real property, to wit:

> **ALL THAT CERTAIN LOT, TRACT, OR PARCEL OF LAND BEING 0.34 ACRES BEING ALL OF LOT 23, BLOCK 3, RIVER OAKS ADDITION, PER THE PLAT RECORDED IN VOLUME 377, PAGE 29, GREGG COUNTY DEED RECORDS, ALSO RECORDED IN PLAT BOOK 7, SLIDE 29, AND BEING THE SAME TRACT DESCRIBED IN A DEED TO CYNTHIA D. WHEELER RECORDED IN GREGG COUNTY CLERK'S FILE # 201519242 WITHIN THE CITY LIMITS OF LONGVIEW AND GREGG COUNTY TEXAS, ALEX FUGGERSON SURVEY, A-75.**

Said real property has a reported mailing address of 1009 Willow Springs Dr., Longview, TX 75604 ("Property"). By executing the Security Instrument, Melinda Marie Hall granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument filed and recorded on April 20, 2022, as Doc Number: 202206633, in the Official Public

Records of Gregg County, Texas, is attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 2**.

12. Lakeview is the record assignee of the Security Instrument under a Corporate Assignment of Deed of Trust ("Assignment"). A true and correct copy of the Assignment filed and recorded on June 13, 2025, as Doc Number: 202508170, in the Official Public Records of Gregg County, Texas, is attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 3**.

13. The obligation evidenced by the Note and Security Instrument and Loan Modification is also hereinafter referred to as the "Loan."

14. Loan was modified by virtue of a Loan Modification Agreement filed in the Gregg County Real Property Records on July 7, 2023 (Doc number: 202309575) and a Loan Modification Agreement filed in the Gregg County Real Property Records on April 25, 2024 (Doc number: 202405882). True and correct copies of the Loan Modification Agreements are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**.

15. Borrowers, to Lakeview's detriment, have failed to pay amounts that have come due under the Loan, although demand for payment has been made. Lakeview provided to Borrowers proper notice of the default described herein and its intent to accelerate the indebtedness ("Notice of Default"), a true and correct copy of which is attached hereto and incorporated herein by reference as **Plaintiff's Ex. No. 5**. Each occurrence of non-performance by Borrowers under the Loan as herein described is a breach thereunder.

16. Borrowers' continued breach under the Loan has directly and proximately caused damages to Lakeview in that amounts due to Lakeview remain unpaid, and in that Lakeview is

incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

17.   Borrowers have not cured the default described in the Notice of Default. Consequently, Lakeview has, and/or does, hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. Lakeview's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $123,857.46 as of December 1, 2024.

18.   For consideration, the Borrowers promised to repay the Loan in installments. The borrowers breached such promise to the detriment of Lakeview.  Thus, and in accordance with Texas Rule of Civil Procedure 735, Lakeview is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III.   INTEREST OF SUBORDINATE LIENHOLDER

19.   Defendant TSAHC is named herein as a defendant because it claims an interest in the Property under the terms of that certain Deed of Trust filed and recorded in the Official Public Records of Gregg County, Texas on April 20, 2022 as Doc Number: 202206634, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 6**. This interest is subordinate to Lakeview's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

20.   Defendant HUD is named herein as a defendant because it claims an interest in the Property under the terms of that certain Partial Claim Deed of Trust filed and recorded in the

Official Public Records of Gregg County, Texas on November 8, 2022, as Doc Number: 202218631 and that certain Partial Claim Deed of Trust filed and recorded in the Official Public Records of Gregg County on July 6, 2023, as Doc Number: 202309494, copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 7**. These interests are subordinate and inferior to Lakeview's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

## IV.    CONDITIONS PRECEDENT

21. By virtue of filing this Complaint, Lakeview hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

22. Borrowers' failure to comply with this demand entitles Lakeview to seek foreclosure of the Property.

23. All conditions precedent to the relief requested herein by Lakeview have been performed or have occurred.

## V.    ATTORNEYS' FEES

24. The Loan provides that in the event of foreclosure, and insofar as allowed by Texas Rule of Civil Procedure 735, Lakeview may be awarded all expenses incurred in pursuing remedies provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by Lakeview because of the default or to protect its security interest. Lakeview has retained Marinosci Law Group, P.C., and agreed to pay its reasonable attorneys' fees and costs incurred relative to this proceeding and to protect Lakeview's security interest in the Loan.

**PRAYER**

WHEREFORE, Lakeview Loan Servicing, LLC, prays that after service of process is completed as to all Defendants, that the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to Lakeview for Borrowers breach of contract as herein alleged, deem all junior lienholders' interest in the Property inferior to the superior interest of Lakeview, and for all other relief Court deems appropriate.

DATE: August 14, 2025

Respectfully submitted,
MARINOSCI LAW GROUP, P.C.

/s/ Bradley Conway
Bradley Conway / State Bar No. 24055340
Sammy Hooda / State Bar No. 24064032
16415 Addison Road, Suite 725
Addison, Texas 75001
Phone: 401.234.9200
Fax: 972.331.5240
Email: bconway@mlg-defaultlaw.com
Email: shooda@mlg-defaultlaw.com
**ATTORNEYS FOR PLAINTIFF**
**LAKEVIEW LOAN SERVICING, LLC**