## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| LAKEVIEW LOAN SERVICING, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:25-cv-310-JDK |
| MELINDA MARIE HALL, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff's motion for default judgment. Docket No. 16. Plaintiff alleged breach of contract against Defendants Melinda Marie Hall and Wanda Jones. Plaintiff also named the Texas State Affordable Housing Corporation (TSAHC) and the United States of America, on behalf of the Secretary of Housing and Urban Development (HUD), as subordinate lienholders in the action. Defendants Hall, Jones, and Texas State Affordable Housing Corporation have not answered or otherwise appeared in the time allowed under Federal Rule of Civil Procedure 12(a), and the Clerk has entered default. Docket Nos. 12; 13. For the following reasons, the Court **GRANTS** Plaintiff's motion for default judgment.

### I.

Plaintiff initiated this lawsuit against Defendants Hall, Jones, TSAHC, and the United States, on behalf of the Secretary of HUD. Docket No. 1. Plaintiff alleges that Defendants Hall and Jones executed and delivered a promissory note ("Note") to Everett Financial, Inc. d/b/a Supreme Lending for $152,192 plus interest. *Id.* at 3.

1

Hall and Jones secured the Note by executing a Deed of Trust (the "Security Instrument") to real property with a reported mailing address of 1009 Willow Springs Dr., Longview, TX 75604. The loan was modified on two separate occasions. Docket No. 1, Ex. 4. Subsequently, Supreme Lending assigned the Note to Plaintiff. *Id.*, Ex. 3.

Hall and Jones have since failed to make payments as required by the loan. Docket No. 1 at 4. Plaintiff notified Hall and Jones that they had defaulted on the loan and that Plaintiff intended to accelerate the indebtedness. *Id.*; *see id.*, Ex. 5. Hall and Jones did not cure the indebtedness, and thus Plaintiff seeks to foreclose lien on the real property to satisfy the debt. *Id.* at 5.

Plaintiff named the Texas State Affordable Housing Corporation and the United States as Defendants as subordinate and inferior lienholders. *Id.* at 5–6. The Court previously entered a consent order between Plaintiff and the United States. Docket No. 17. Plaintiff does not seek monetary relief from these Defendants. *Id.*

Plaintiff was initially unable to effect service on the Defendants due to the civil litigation stay imposed on October 5, 2025, which was caused by the Federal Government shutdown. Docket No. 4. Accordingly, the Court extended the applicable time to serve Defendants to January 5, 2026. Docket No. 6. Plaintiff properly served Defendants with process. Docket Nos. 7–10. Defendant United States timely answered. Docket No. 14. However, Defendants Hall, Jones, and TSAHC failed to answer or otherwise respond to Plaintiff's complaint. The Clerk entered default

2

against the remaining Defendants, Docket No. 13, and Plaintiff now moves for default judgment.

## II.

## A.

**Jurisdiction**.  When a party seeks entry of default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."  *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted).  Because Plaintiff seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest, Plaintiff invokes jurisdiction under 28 U.S.C. § 2410.  Docket No. 1 at 2; *see also* 28 U.S.C. § 2410 (waiving the United States' sovereign immunity in a civil action to foreclose a mortgage or lien where the United States claims a lien or other interest in the property).  Moreover, Plaintiff invokes jurisdiction under 28 U.S.C. § 1331 because the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.  *Id.*

The Court also has personal jurisdiction over the Defendants.  Federal courts may assert personal jurisdiction if (1) the state's long-arm statute applies, and (2) due process is satisfied under the Fourteenth Amendment.  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).  In Texas, the long-arm statute authorizes the exercise of jurisdiction to the full extent compatible with federal due process mandates.  *Id.*  Here, it is clear the Court has personal jurisdiction over Defendants Hall and Jones because they are alleged to be residents of Texas.  As to

TSAHC, Federal Rule of Civil Procedure 4(k)(1)(A) provides that "[s]ervice of summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located."  TSAHC was served with process.  Docket No. 9.  And TSAHC, as an agency or state-created corporation, could be subject to a court of general jurisdiction in Texas.  *Varistor v. Navarro Pecan Co.*, 2017 WL 11903123, at *3 (E.D. Tex. Dec. 27, 2017) (concluding that "Texas courts, and therefore this Court, have general personal jurisdiction" over resident parties).

Accordingly, the Court has jurisdiction over the Defendants.

**B.**

**Default.**  The Court next considers whether a default judgment is procedurally warranted.

The Fifth Circuit has adopted a three-step process to obtain a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action.  FED. R. CIV. P. 55(a).  Second, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise."  *Id.; N.Y. Life*, 84 F.3d at 141. And third, a party may apply to the court for a default judgment after an entry of default.  FED. R. CIV. P. 55(b); *N.Y. Life*, 84 F.3d at 141.

Here, the Clerk entered default on January 14, 2026.  Docket Nos. 12; 13.  The Court must now determine whether default judgment is proper.  *N.Y. Life*, 84 F.3d at

4

141. "[T]he entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).  As the Fifth Circuit has explained, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted).  Thus, even if a defendant is "technically in default," "[a] party is not entitled to a default judgment as a matter of right." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  When deciding whether to enter a default judgment, the Court considers the following factors:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  The Court must also assess the merits of the claims and determine whether the plaintiff has stated a proper claim for relief.  *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages. *United States v. Shipco Gen., Inc.,* 814 F.2d 1011, 1014 (5th Cir. 1987).

Applying the six factors identified above, the Court finds that a default judgment against the Defendants is appropriate.

*First*, no material facts are in dispute.  The Defendants never answered or otherwise responded to Plaintiff's complaint.

5

*Second,* the Defendants have prejudiced Plaintiff by failing to appear or respond to the complaint or Plaintiff's motion for default judgment.

*Third,* Plaintiff clearly established the grounds for default. As discussed above, Plaintiff provided proof of service (Docket Nos. 7–10) and the Defendants have not appeared, answered, or otherwise responded to the complaint. At Plaintiff's request, the Clerk entered a default. Docket Nos. 12; 13.

*Fourth,* no evidence establishes that a good faith mistake or excusable neglect caused the Defendants' default. *See Prive Corp.*, 161 F.3d at 893.

*Fifth,* default judgment would not be too harsh. The Defendants have had ample time to answer or otherwise respond to the complaint and failed to do so.

*Sixth,* the Court cannot find a reason to set aside the default judgment if the Defendants moved to do so. Plaintiff has clearly established the grounds for default, and the Defendants did not cause default by a good faith mistake or excusable neglect. *See id.*

All factors support entering default judgment. Accordingly, default judgment is procedurally appropriate in this case. *See, e.g., id.*

### C.

**Statement of Proper Claim for Relief.** The Court also finds that Plaintiff's complaint sufficiently sets forth facts showing that Plaintiff is entitled to relief.

Plaintiff's complaint alleges a breach of contract cause of action against Hall and Jones. Docket No. 1 at 3. The complaint sufficiently alleges Hall and Jones's breach.

6

Plaintiff produced the security interest, which shows that Hall and Jones agreed that federal law and Texas law should govern. Docket No. 1, Ex. 2 at 6. Under Texas law, a breach-of-contract claim requires the existence of a valid contract, the plaintiff's performance, the defendant's breach, and resulting damages. *Pathfinder Oil & Gas, Inc. v. Great Drilling Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Plaintiff provides evidence of a valid contract with the Note (Docket No. 1, Ex. 1), security instrument attaching the land to the loan (*id.*, Ex. 2), Plaintiff's receipt of the loan as assignee (*id.*, Ex. 3), and the subordinate lienholders' deeds of trust (*id.*, Exs. 6, 7). Hall and Jones both signed the Note and Security Instrument. *Id.*, Ex. 1 at 10, 21. Plaintiff adequately pleads that it performed its duties under the loan and that Hall and Jones failed to perform their duties. *See* Docket No. 1 at 4–5. Plaintiff also established that it is damaged by Defendants' failure to pay their obligations. *Id.* The complaint is therefore sufficient to support a default judgment based on Hall and Jones' alleged breach of contract.

The breach of contract claim does not include TSAHC. TSAHC is named as a defendant only because it claims an interest in the Property under the terms of its Deed of Trust. Docket No. 1 at 5. The extent of Plaintiff's claim against TSAHC is a request that TSAHC's interest be declared subordinate to Plaintiff's. *Id.* Plaintiff seeks no monetary relief from TSAHC, *id.*, and TSAHC's Deed of Trust explicitly states that its lien is subordinate to Plaintiff's lien. Docket No. 1, Ex. 6 at 2. TSAHC has defaulted, and therefore does not contest Plaintiff's claim for superior lien.

Docket Nos. 12; 13.  Plaintiff is entitled to its request for declaration of a superior lien.

### D.

**Judicial Foreclosure.**   Finally, the motion seeks a judgment granting foreclosure upon the lien.  Docket No. 16 at 2.

Under Texas law, a party seeking judicial foreclosure must "prove a financial obligation and the lien securing it, a default on the loan, and that the property subject to foreclosure is the same property subject to the lien."  *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (per curiam); *see* TEX. R. CIV. P. 309.

Plaintiff's allegations, which Hall and Jones admitted by their default, establish those elements.  Plaintiff is therefore entitled to a judgment directing law enforcement "to seize and sell the [property] as under execution, in satisfaction of the judgment; and, if the property cannot be found, or if the proceeds of such sale be insufficient to satisfy the judgment, then to take the money or any balance thereof remaining unpaid, out of any other property of the defendant, as in case of ordinary executions." TEX. R. CIV. P. 309.

### III.

As explained above, Plaintiff is entitled to default judgment; accordingly, the motion (Docket No. 16) is **GRANTED**.  A final judgment shall issue forthwith.

Any pending potions are **DENIED** as moot.

8

So **ORDERED** and **SIGNED** this **8th**   day of  **July, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

9